# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SAUL M. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:11-cv-89-JMS-WGH |
| | ) |
| PAUL HARTZLER, | ) |
| | ) |
| Defendant. | ) |

## Entry on Motion for Summary Judgment
## and Directing Issuance of Final Judgment

The parties to this civil rights action at this point are plaintiff Saul Stevens ("Stevens") and Detective Paul Hartzler of the Vigo County Sheriff's Department.[1]

Stevens alleges that Detective Hartzler violated his constitutional rights by unlawfully seizing and searching Stevens' car and by seizing personal items from his residence. For purposes of this Entry, the court treats Stevens' claims against Detective Hartzler as asserted in his individual capacity.[2]

Stevens alleges that Detective Hartzler had Stevens' car towed improperly, searched the car and removed personal items, refused to tell Stevens where the car was, then sometime later drove the car to 2400 N. 17th Street and left it there, telling people there that the car was abandoned. Stevens also alleges that Detective Hartzler removed a small traveling case from 121 N. 37th Street without a search warrant. Stevens alleges that a Vigo County court ordered Detective Hartzler to release the case, but when it was returned, things were missing from it. Stevens seeks $9,000 in compensation for his loss.

---

[1] Claims against the Vigo County Sheriff's Department were previously dismissed.

[2] An official capacity claim would fail because such a claim is "merely another way of asserting a claim against the municipality," *Gibson v. City of Chicago,* 910 F.2d 1510, 1519 n.4 (7th Cir. 1990), and there is no allegation of a Sheriff's Department policy or custom of violating federally secured rights in the manner alleged by Stevens. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 6 94 (1978); *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007). Additionally, as this Entry shows, there was no violation of Stevens' federally secured rights. Thus, there can be no 42 U.S.C. §1983 claim against Detective Hartzler in his official capacity. *See Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir.) ("it is well established in this Circuit that a municipality's liability for a constitutional injury requires a finding that the individual officer[ ] [is] liable on the underlying substantive claim"), *cert. denied*, 531 U.S. 957 (2000).

Detective Hartzler seeks resolution of these claims through summary judgment. Stevens opposes that motion.

For the reasons explained in this Entry, Detective Hartzler's motion for summary judgment [25] is **granted**.

### I. Summary Judgment Standard

A motion for summary judgment must be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the *Federal Rules of Civil Procedure*. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A genuine issue of fact, however, can defeat a motion for summary judgment only if the question of fact is material. A "material fact" is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248. A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

### II. Discussion

#### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record that comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the motion for summary judgment.

At all relevant times, Detective Hartzler was assigned to the Vigo County Drug Task Force (DTF), made up of the Vigo County Prosecuting Attorney, the Vigo County Sheriff, and the Terre Haute Police Department ("THPD"). In June 2009, the DTF received information that Stevens was involved in the distribution of cocaine from his apartment at 3370 South 14½ Street in Terre Haute. On June 11, 2009, detectives arranged to have a confidential informant meet Stevens at his apartment to attempt to make a controlled purchase of cocaine. The informant was searched and

given $300 in recorded cash and an audio/video recorder. The informant went to Stevens' apartment.

The informant asked Stevens for an eighth-ounce of cocaine (an "eight-ball"). Stevens said it would take a half hour to get the cocaine and it would cost about $225. He then left in his 1998 gold Chrysler Sebring convertible. When he returned in the car about 45 minutes later, he gave the informant a plastic bag containing a substance represented to be cocaine.

After leaving the apartment, the informant gave the detectives the plastic bag and $40, stating that Stevens had charged $260 for the cocaine. The substance in the bag tested positive for cocaine.

Based on a review of the recording of the conversation and activities in Stevens' apartment, Detective Hartzler concluded that Stevens had engaged in the illegal sale of a controlled substance. He further concluded that Stevens had used the 1998 Chrysler Sebring to obtain and transport the cocaine, subjecting the car to forfeiture. Detective Hartzler executed a probable cause affidavit reciting the foregoing circumstances of events, and on July 7, 2009, a court issued a warrant for Stevens' arrest for dealing in cocaine. By the time the warrant was issued, however, Detective Hartzler learned that Stevens had moved out of the apartment on South 14½ Street.

THPD officers were advised of the arrest warrant and told to be on the lookout for Stevens' car. A "crime-stoppers" public announcement was aired on local TV on or about July 9, 2009. On July 14, 2009, THPD uniformed officers discovered Stevens' car parked at 3631 Wabash Avenue in Terre Haute. The THPD officers, assisted by THPD detectives, took custody of the car and called a private wrecker service to tow the car to the DTF impound lot.

Detective Hartzler had no involvement in the decision to tow the car. After the car was towed to the impound lot, Detective Hartzler looked through the car for evidence of drugs. He found no such evidence. Detective Hartzler removed the registration from the car for use in the forfeiture action. He did not notice any jewelry in the car, nor did he remove any jewelry from the car.

The DTF received information that Stevens was hiding at 121 North 37th Street in Terre Haute. Detective Hartzler and other officers went there and spoke to resident Cathy Grogan, who said that she knew Stevens but had not seen him for two weeks. Grogan consented to a search of the home. Officers found evidence that Stevens was staying there, including a bag containing men's underwear and toiletries, an electric bill in his name, and a document expressing his agreement to sell the Chrysler.

Stevens was found hiding in the basement at 121 North 37th Street. Grogan was arrested by THPD officers for assisting a criminal, and those officers took

possession of evidence showing that Stevens had been living there, including the men's toiletry bag. Detective Hartzler never possessed the items seized at Grogan's home and he has no knowledge of the whereabouts or disposition of those items.

Detective Hartzler transported Stevens to the Vigo County Jail. One piece of identification ("ID") and a wallet were taken from Stevens when he was booked into the Jail. The Chrysler was held with the intent that it would be forfeited because of its use in the cocaine transaction. It was then learned that Stevens owed money on the car and that the potential net recovery after paying the car note would be too small to justify forfeiture. Based on this information, it was decided to return the car to Stevens. Stevens instructed that the car be returned to his sister, Margaret Watson, at 2900 North 17th Street in Terre Haute. Detective Hartzler drove the car there on August 24, 2009, and Ms. Watson signed a vehicle indemnity agreement. Stevens' wallet and ID were released by the Vigo County Jail to Ms. Watson on August 28, 2009. Stevens was convicted in Vigo County of dealing in cocaine as a class B felony.

### B. Analysis

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). Stevens' claims are brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In such cases, "the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forth with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price,* 615 F.3d 877, 881 (7th Cir. 2010).

Stevens presents no evidence in support of his allegation that Detective Hartzler directed that Stevens' car be towed. This lack of personal participation in the towing of the car defeats any claim against Detective Hartzler for an unlawful seizure of the car. *See Minix v. Canarecci,* 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under §1983 requires personal involvement in the alleged constitutional deprivation")(internal quotation omitted). Even if Detective Hartzler had been involved in the towing of the car, under Indiana law, a vehicle may be seized if it is used or is intended for use by the person in possession of it to transport a controlled substance for the purpose of dealing in cocaine. IND. CODE ' 34-24-1-1(a). In addition, the Supreme Court has held that the Fourth Amendment does not require police to obtain a search warrant before seizing an automobile from a public place if they have probable cause to believe that the vehicle is forfeitable contraband. *Florida v. White,* 526 U.S. 559 (1999). The undisputed evidence shows that there was reasonable cause to believe that the vehicle had been involved in transporting cocaine, thereby justifying the seizure. IND. CODE ' 34-24-1-1-(a); *White*,

526 U.S. 559.

Stevens asserts in his affidavit that the car was seized from private property, the parking lot of an apartment building. He states that he had been given permission from the owner of the apartment complex to park the car there. Stevens' contention that the seizure of the car was unlawful based on the location of the car is misplaced. The Supreme Court has held that a warrant is not required to seize a car from public streets, parking lots, or other open places, including an employer's parking lot, when probable cause exists to believe that the car itself was contraband. *White,* 526 U.S. at 566.

As to the warrantless search of the car, the admissible evidence shows that Detective Hartzler removed only the registration from the car. The car had been lawfully seized as contraband and was being held pending forfeiture proceedings under Indiana law. A warrantless search of a car under these circumstances does not violate the Fourth Amendment. *See United States v. Pace*, 898 F.2d 1218, 1244-45 (7th Cir. 1990) (citing *Cooper v. California*, 386 U.S. 58 (1967)). Stevens alleges that his sister Ms. Watson told him that when the car was returned, his billfold was on the seat with his credit cards scattered, his driver's license missing, and the Star of David gold necklace usually hanging on the rearview mirror was gone. This contention can be disregarded in its entirety because it is based on hearsay. Even so, this allegation fails to assert, much less prove, that Detective Hartzler removed anything but the registration from the car. In addition, there is undisputed evidence that Stevens' wallet and ID were taken from Stevens when he was booked in the Jail. This property was released to Ms. Watson four days after the car was returned. Absent any allegation that Stevens possessed two wallets/billfolds, this evidence weakens any claim that Stevens' billfold was on the seat of the car when the car was returned.

Stevens next alleges that Detective Hartzler dropped his car off at 2400 N. 17th Street, Terre Haute, and simply left it there, telling people it had been abandoned. Stevens' mere allegations do not contradict the sworn testimony that Detective Hartzler returned the car to Stevens' sister, as Stevens had directed, and that his sister signed a vehicle indemnity agreement when she took custody of the car. No Fourth Amendment violation occurred when Detective Hartzler released the car to Stevens' sister.

Finally, Stevens has presented no evidence supporting his allegations that Detective Hartzler took a traveling case containing Stevens' personal belongings from Ms. Grogan's home, 121 N. 37th Street, when Stevens was arrested. A non-movant's reliance on allegations in his complaint to support his claims is not sufficient to create a genuine issue of material fact. *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011); s*ee also Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that a court may "simply ignore" statements that are "neither notarized nor made under penalty of perjury" because they do not comply with Rule 56). The undisputed evidence shows that Detective Hartzler was

not involved in the seizure of the belongings and has no knowledge of its disposition.

Aside from the discussion of Stevens' claims within the framework of the Fourth Amendment, Stevens' attempt to recover or be compensated for the loss of personal property falls within the scope of the due process clause of the Fourteenth Amendment. To the extent Stevens alleges that he was deprived of his property without due process, such claim fails because Indiana provides a meaningful post-deprivation tort claim remedy for the loss. *See Hudson v. Palmer,* 486 U.S. 517, 533 (1984); *Wynn v. Southward,* 251 F.3d 588, 592-93 (7th Cir. 2001).

### III. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983). Stevens has not identified a genuine issue of material fact as to his claims that Detective Hartlzer violated his constitutional rights. Accordingly, Detective Hartzler's motion for summary judgment [25] must be **granted.**

All claims have now been resolved. Judgment consistent with this Entry and with the Entry of May 4, 2011, dismissing the claim against the Vigo County Sheriff's Department, shall now issue.

**IT IS SO ORDERED.**

Date: 05/01/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana